*E-filed on*:   10/17/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff/Respondent,<br><br>   v.<br><br>RUBEN GARCIA-GONZALEZ,<br><br>        Defendant/Movant. | NO. C-03-05070 RMW<br><br>Related to CR-01-20067-RMW<br><br>ORDER ON MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE (28 U.S.C. § 2255) |

Ruben Garcia-Gonzalez seeks relief under 28 U.S.C. § 2255 from his conviction and sentence for conspiracy to distribute 500 grams or more of methamphetamine. Garcia-Gonzalez pled guilty in accordance with a plea agreement. He originally asserted three bases for relief: (1) his guilty plea was not knowingly and voluntarily entered due to ineffective assistance of counsel; (2) he is entitled to the benefit of the safety valve provision set forth in U.S.S.G. § 5C1.2; and (3) his attorney failed to file a notice of appeal after being requested to do so and this constituted ineffective assistance of counsel. He has now added a fourth basis, namely that under *Blakely v. Washington*, 542 U.S. 296 (2004), his sentence was illegal because it was calculated on a drug quantity that had not been found by a jury.

Although Garcia-Gonzalez claims that his guilty plea was not knowingly or voluntarily made, the only relief he seeks is to be re-sentenced. Memo of Pts. and Auths. at 23 ("Mr. Gonzales seeks an order from this Honorable Court for remand for re-sentencing.").

### 1. Was the Representation of Garcia-Gonzalez Ineffective Resulting in a Plea that Was Not Knowingly and Voluntarily Made?

Garcia-Gonzalez asserts his plea was not voluntary because his attorney advised him that he would challenge some purported incriminating tapes and show that the government was wrong in asserting that they reflected Garcia-Gonzalez's voice. Counsel never challenged the tapes. He also claims that his attorney had advised him that the longest sentence he would receive was 90 months and that he would entitled to relief under the "safety valve" provision authorized by U.S.S.G. § 5C1.2 because he had no prior convictions. Garcia-Gonzalez claims his plea was not voluntary because he relied upon being sentenced based upon accurate information.

In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, petitioner must establish two things. First, he must establish that counsel's performance was deficient, *i.e.*, that it fell below an "objective standard of reasonableness" under prevailing professional norms. *Strickland* v. *Washington*, 466 U.S. 668, 687-88 (1984). Second, he must establish that he was prejudiced by counsel's deficient performance, *i.e.*, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

Even assuming that counsel advised Garcia-Gonzalez as Garcia-Gonzalez claims, he was not prejudiced. In the plea colloquy with the court, Garcia-Gonzalez was advised by the court that the court did not have to follow the sentencing recommendations of either the government or his attorney, that he would be "stuck with whatever sentence the court gives you, and you're not going to be able to complain about it," (R.T. 10/25/02, 8:5-7), and that there was a ten year minimum sentence that must be imposed ("Q. Are you aware that there's also a ten year minimum sentence that must be imposed? A. I understand that, your honor." *Id.* at 13:5-8). In addition, Garcia-Gonzalez specifically admitted his guilt, which he has never denied. He only contests the extent of his involvement in the conspiracy. Since Garcia-Gonzalez's guilt is not in question and the government clearly had the evidence to convict him, he was not prejudiced in making his plea by any alleged ineffective assistance.

ORDER ON MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE (28 U.S.C. § 2255)
NO.  CR-01-20067-RMW                                                     2

**2. Was Garcia-Gonzalez Entitled to the Benefit of the Safety Valve Provision Set Forth in U.S.S.G. § 5C1.2?**

Under the plea agreement Garcia-Gonzalez entered into with the government, he waived any right to appeal his sentence and any right to collaterally attack his sentence with only the exception of an attack based upon ineffective assistance of counsel. Plea Agmt. ¶¶ 4-5. This waiver was specifically discussed with Garcia-Gonzalez in his plea colloquy with the court. R.T. 10/25/01 at 7:21-8:8 R.T. Therefore, the question is whether counsel was ineffective in his representation of Garcia-Gonzalez by not adequately presenting his request for application of the safety valve. The issue at sentencing with respect to the application of the safety valve was whether Garcia-Gonzalez had "provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." U.S.S.G. 5C1.2. Trial counsel had met with his client and the lead agent involved before the sentencing hearing for a debriefing, cross-examined the lead agent at the sentencing hearing and argued strenuously for the application of the provision. Garcia-Gonzalez complains that he wanted an additional hearing which the court suggested it would give him if he wanted. He claims he told his attorney that he wanted such a hearing but that his attorney declined. Despite the fact that he claims he told his attorney that he wanted a hearing, he said nothing when his attorney advised the court immediately after conferring with Garcia-Gonzalez that "we are not requesting an additional hearing." R.T. 7/29/02 at 12:10-13:13. It seems clear that trial counsel made a strategic decision not to have his client testify in light of questions about the extent of his involvement and truthfulness. In any event, Garcia-Gonzalez has offered nothing that suggests that the court's decision on the safety valve's application would have been different if an additional hearing had been held. The court concludes that counsel's representation on the safety valve issue did not fall below the standard of care, and that, in any event, Garcia-Gonzalez suffered no prejudice.

**3. Did Trial Counsel Provide Ineffective Assistance of Counsel by Failing to File a Notice of Appeal after Allegedly Being Requested to Do So?**

As mentioned above, the plea agreement contains a waiver of the right to appeal and the court went over the provision with Garcia-Gonzalez in its colloquy. Plea Agmt. ¶ 4, R.T. 10/25/01

at 7:21-8:8. Although an attorney probably has the obligation to see that an appeal gets filed if his client requests it, even if the appeal is precluded by the plea agreement, no prejudice resulted here. There is nothing that suggests an appeal would have been successful.

### 4. Does *Blakely v. Washington* Have Any Application?

Garcia-Gonzalez argues that *Blakely v. Washington* mandates that the prosecutor prove to a jury drug quantities essential to the punishment provided for by statute. Garcia-Gonzalez's conviction was final at the time of the *Blakely* decision. Therefore, the contention is without merit as *Blakely* does not apply retroactively. *See Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir. 2005). In addition, in the plea colloquy, Garcia-Gonzalez specifically admitted that more than 500 grams of methamphetamine were involved. R.T. 10/25/01 at 13:5-8.

For the reasons stated, the motion under 28 U.S.C. § 2255 is denied.

DATED: 10/17/07

/s/ Ronald M. Whyte
RONALD M. WHYTE
United States District Judge

1 | Copy of Order mailed on _____10/17/07_____ to:

2 | Ruben Garcia-Gonzalez
Reg. No. 99515-111
3 | Federal Correction Institution
3600 Guard Road
4 | Lompoc, CA 93436

5 |

John Glang
6 | Assistant U.S. Attorney
150 Almaden Blvd.
7 | San Jose, CA 95113